**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| STEVEN BERROL, as Administrator and Administrator ad Prosequendum of the Estate of Ellen Berrol, deceased,<br>Plaintiff, | : : : : : | Civ. No. 07-1565 (GEB) |
| v. | : : | **MEMORANDUM OPINION** |
| AIG, AMERICAN INTERNATIONAL GROUP, INC., BERKELY CARE and NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, JOHN DOES, MARY DOES, ABC PARTNERSHIPS AND XYZ CORPORATIONS (fictitious names),<br>Defendants. | : : : : : : : : | |

**BROWN, Chief Judge**

This matter comes before the Court upon defendants Berkely Care ("Berkely") and National Union Fire Insurance Company of Pittsburgh, PA's ("National Union") (collectively "Defendants") motion to dismiss the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The Court has considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, this Court will grant the motion to dismiss.

## I.     BACKGROUND

Ellen Berrol and Steven Berrol purchased a travel insurance plan ("Plan") underwritten and administered by Defendants. Compl. ¶ 14. The Plan provided a death benefit of $10,000 as

well as payment of medical expenses and the repatriation of remains of a decedent who perished as a result of a covered accident while traveling.  Id. ¶ 12.  The Estate of Ellen Berrol ("Plaintiff") was the beneficiary under the Plan.  Id. ¶ 13.

In April 2005, Ellen Berrol fractured her hip as a result of a slip and fall at Aventura Spa Palace in Cancun, Mexico.  Id. ¶ 14-15.  As a result, Mrs. Berrol underwent surgery in Mexico and died following the surgery.  Id. ¶ 15-17.  Plaintiff submitted a claim under the Plan and Defendants refused to pay the death benefit.  Id. ¶ 20.

The Complaint asserts four causes of action: (1) breach of contract; (2) unjust enrichment; (3) common law "bad faith claims handling practices as well as breach of [the] covenant of good faith;" and (4) a breach of a "duty of good faith and fair dealing" under "New Jersey's Unfair Settlement Practices Act and N.J.S.A. 17:29B-1 to 14, N.J.A.C. 11:2-17.1 et seq."  Id. ¶¶ 21, 23, 28, 30.  The Complaint states that Plaintiff is entitled to compensatory and punitive damages in excess of $75,000, attorney's fees and costs of suit.  Id. at 5.

Defendants have filed the present motion arguing that the Court does not have subject matter jurisdiction because Plaintiff fails to satisfy the $75,000 amount in controversy requirement for diversity jurisdiction.

## II.    DISCUSSION

### A.    Applicable Law

In evaluating a Rule 12(b)(1) motion to dismiss the Court must determine whether the motion attacks the complaint as deficient on its face, or whether the motion attacks the existence of subject matter jurisdiction in fact.  Turicentro, S.A. v. Am. Airlines Inc., 303 F.3d 293, 300 & n.4 (3d Cir. 2002).  When a Rule 12(b)(1) motion facially attacks the complaint, the Court must

take all allegations in the complaint as true.  Id. at 300 n.4.  However, when the motion attacks

the Court's subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's

allegations and "the court must weigh the evidence relating to jurisdiction, with discretion to

allow affidavits, documents, and even limited evidentiary hearings."  Id.  The court may also

grant limited discovery to determine whether subject matter jurisdiction exists.  See, e.g., de

Lazzari Barbosa v. Merck & Co., Inc., No. 01-CV-2235, 2002 WL 32348281, at *5 (E.D. Pa.

2002) (ordering limited discovery on factual attack).  A factual attack can occur prior to an

answer being filed.  Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police, 920

F.2d 198, 200 (3d Cir. 2000); Liu v. Gonzales, No. 07-1797 (MLC), 2007 WL 2916511, at *3

(D.N.J. Oct. 5, 2007).  "Trial judges enjoy substantial procedural flexibility in handling Rule

12(b)(1) motions. But 'the record must clearly establish that after jurisdiction was challenged the

plaintiff had an opportunity to present facts by affidavit or by deposition, or in an evidentiary

hearing, in support of his jurisdictional contention.'"  Berardi, 920 F.2d at 200 (internal citations

omitted).

   Where, as here, a party challenges the existence of diversity jurisdiction based on the

amount in controversy requirement, "[t]he amount need not be proven; rather, the amount is

judged from the face of the complaint and is generally established by a good faith allegation."

Golden ex rel. Golden v. Golden, 382 F.3d 348, 354 (3d Cir. 2004).  "Good faith" is measured by

whether it appears to "a legal certainty the claim is really for less than the jurisdictional amount."

Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353 (1961) (citation omitted); see also Morgan v.

Gay, 471 F.3d 469, 474 (3d Cir. 2006) (noting that good faith is entwined with the legal certainty

test in the context of removal of an action from state court).

Claims for punitive damages count toward the jurisdictional amount unless they are "patently frivolous and without foundation." Packard v. Provident Nat. Bank, 994 F.2d 1039, 1046 (3d Cir. 1993). "Punitive damage claims are *per se* 'patently frivolous and without foundation' if they are unavailable as a matter of state substantive law." Golden, 382 F.3d at 355 (citing In re Corestates Trust Fee Litig., 39 F.3d 61, 64 (3d Cir. 1994)). The Third Circuit has declared that if a request for punitive damages is not barred by state law, it "will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." Golden, 382 F.3d at 355. Even so, where a punitive damages claim "comprises the bulk of the amount in controversy and may have been colorably asserted solely or primarily for the purpose of conferring jurisdiction, that claim should be given particularly close scrutiny." Packard, 994 F.2d at 1046.

Plaintiff alleges that there is diversity jurisdiction and that the amount of controversy is in excess of $75,000. Compl. ¶ 2. Plaintiff contends that "the claim for punitive damages puts the amount in controversy over the jurisdictional limit." Pl. Br. at 6. Defendants argue that New Jersey law bars Plaintiff's punitive damages claim.

Under New Jersey law, to establish a claim for bad faith in the insurance context, a plaintiff must show two elements: (1) the insurer lacked a "fairly debatable" reason for its failure to pay a claim, and (2) the insurer knew or recklessly disregarded the lack of a reasonable basis for denying the claim. Pickett v. Lloyds, 621 A.2d 445, 453 (N.J.1993); Ketzner v. John Hancock Mut. Life Ins. Co., 118 F. App'x 594, 599 (3d Cir. 2004). Once bad faith is established, an insured may recover the consequential damages that were "clearly within the contemplation of the insurance company." Pickett, 621 A.2d at 447. However, punitive damages are generally not

4

recoverable.  See Polizzi Meats, Inc. v. Aetna Life & Cas. Co., 931 F. Supp. 328, 335 (D.N.J.

1996) ("the duties of an insurer . . . are a matter of contract law," therefore "punitive damages are

. . . generally not recoverable").  In order to recover punitive damages, an insured party must

meet a "higher standard" than that required for consequential damages.  Id.  Namely, the insured

must demonstrate "egregious circumstances," meaning that the insurer's conduct must be

"wantonly reckless or malicious."  Id.; Nappe v. Anschelewitz, Barr, Ansell & Bonello, 477 A.2d

1224, 1230 (N.J. 1984) ("To warrant a punitive award, the defendant's conduct must have been

wantonly reckless or malicious. There must be an intentional wrongdoing in the sense of an

'evil-minded act' or an act accompanied by a wanton and wilful disregard of the rights of

another.").

      **B.**    **Parties' Arguments**

      Defendants' motion constitutes both a facial and a factual attack.  Defendants make a

facial attack in claiming that "there is simply no allegation in the Complaint that could

conceivably support a recovery of . . . punitive damages."  Def. Br. at 1-2.  Defendants argue that

Plaintiff "has not even alleged any 'egregious circumstances' sufficient to support a claim for . . .

punitive damages."  Id. at 9.  With respect to consequential loss, Defendants claim that Plaintiff

"has failed to assert any economic losses . . . let alone losses that were 'clearly within the

contemplation of the insurer.'"  Id. at 2.  Defendants assert that "the only consequential loss

plaintiff has alleged is the $10,000 accidental death benefit."  Id. at 12.

      Defendants make a factual attack in arguing that Plaintiff "cannot seriously [argue] that

the insurer's reason for denying the claim was 'not even debatably valid'" because "defendants'

reasons for denying the claim are persuasive."  Id. at 10.   As support, Defendants cite the Plan

language, death reports, medical records and the opinion of a purportedly "independent physician" and submit various documents for the Court's consideration.

In the Complaint, Plaintiff alleges that the Defendants "wrongfully and in bad faith refused to pay the . . . death benefit under the terms of the Plan."  Compl. ¶ 20.  The Complaint also alleges that "[b]y letter and/or verbal requests, plaintiff advised defendants of his intention to seek payment of benefits under the Plan.  Instead of good faith handling of the claim, the defendants have failed and refused to pay plaintiff for his losses under the Plan."  Id. ¶¶ 26-27.

In the brief in opposition to the motion to dismiss, Plaintiff "contends that the claim for punitive damages puts the amount in controversy over the jurisdictional limit."  Pl. Br. at 6.  Plaintiff addresses the facial attack on punitive damages by arguing that "this is a notice pleading jurisdiction and there is no requirement to outline in detail the specific facts of the controversy."  Id. at 21.

In addressing the factual attack, Plaintiff asserts a number of facts not alleged in the Complaint.  Id. at 1-5.  For example, Plaintiff describes the process by which Defendants decided to deny coverage, including the medical procedures performed on Mrs. Berrol and the prior communications between the parties.  Id.  Using these facts as support, Plaintiff argues that "defendants have pursued a policy of hinder, delay, and misrepresentation to defeat a legitimate claim."  Id. at 20.  Plaintiff appears to argue that it is owed the benefit as a matter of law, and Defendants' alleged knowledge of this right demonstrates that they acted egregiously or with wanton recklessness.  Id. at 13-14.  Plaintiff claims Defendants' "attempt to invoke a specific exclusion . . . was a deliberate and deceitful attempt to bring this claim within that class of cases wherein recovery has been denied."  Id. 16.  Plaintiff also alleges that Defendants "thwarted

plaintiff's attempts to appeal the denial of coverage" and rendered the appeal process "a farce" because they would not supply Plaintiff with "the medical records upon which defendants had relied." Id. at 19.  Plaintiff declares that if "given an opportunity to conduct discovery in this case, plaintiff will seek to further establish that the defendants clearly intended as a matter of policy to deny legitimate accidental loss claims . . . to frustrate the claimants into surrendering their claims by forcing them to litigate over a relatively small sum of money." Id. at 20.  Plaintiff also seeks to depose the "independent physician" consulted by Defendants.  Id.

### C.    Defendants' Facial Attack

Defendants claim that the Complaint does not allege egregious circumstances that could support a claim for punitive damages.  The Court agrees.  The Court evaluates the punitive damages claim under the Rule 8(a) standard.[1]  Rule 8(a) requires a "short and plain statement" showing that the Plaintiff is "entitled to relief." FED. R. CIV. P. 8(a).  Although the Court must accept the facts plead as true, the Court need not accept conclusory legal assertions.  See, e.g., Serra v. Berkshire Life Ins. Co. of Am., No. 07-1798 (AET), 2007 WL 2066384, at *2 (D.N.J. July 13, 2007) (dismissing bad faith insurance claim where only conclusory allegations of bad faith were made).   The Complaint alleges that "defendants wrongfully and in bad faith refused to pay" and concludes that it is entitled to punitive damages.  Compl. ¶¶ 20, 28.[2]   Under New

---

[1]The parties do not addressed whether the Court should construe the claim for punitive damages as special damages under Rule 9(g).  Regardless, since Rule 9(g) appears to be more favorable to Defendants, the Court would reach the same result were it controlling.

[2]In evaluating Defendants' facial attack on jurisdiction, the Court will not consider facts alleged in Plaintiff's opposition brief.  See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("'[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.'") (quoting Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir.1984), cert. denied, 470 U.S. 1054 (1984)).

Jersey law, the recovery of punitive damages requires more than bad faith refusal to pay.  <u>Polizzi</u> <u>Meats</u>, 931 F. Supp. at 335.  The Court finds that Plaintiff has not made the required plain statement showing that they are entitled to punitive damages.  Specifically, the Complaint makes no allegations regarding wanton reckless or malicious conduct by Defendants; it simply concludes that Plaintiff are entitled to punitive damages.  Therefore, the Court will dismiss the claim for punitive damages, without prejudice.

### D.    Defendants' Remaining Arguments

Although Plaintiff "contends that the claim for punitive damages puts the amount in controversy over the jurisdictional limit" (Pl. Br. at 6),  Plaintiff does not assert that without punitive damages, its other damages claims put the amount in controversy over the jurisdictional limit.  Thus the Court need not consider the extent of consequential damages alleged in the Complaint.[3]  Similarly, in light of the dismissal of the Complaint, the Court sees no need to address Defendants' factual attack[4]

### III.   CONCLUSION

For the foregoing reasons, the Complaint does not allege subject matter jurisdiction. Therefore, the Complaint is dismissed without prejudice.

---

[3]Plaintiff apparently argues that attorney's fees should be considered as economic loss recoverable as consequential damages.  Pl. Br. at 23.  As Plaintiff does not contend that the counsel fees will cause this dispute to meet the $75,000 jurisdictional limit, the Court fails to understand why this assertion is relevant.

[4]In any event, the Court does not believe it can properly evaluate whether Defendants had a debatably valid reason for denying payment, without first providing Plaintiff with the opportunity to examine the documents upon which Defendants rely and to depose the physician providing the allegedly valid reason.

Dated: November 6, 2007

                                                   s/ Garrett E. Brown, Jr.
                                     GARRETT E. BROWN, JR., U.S.D.J.